UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALYCE GAINES JOHNSON SPECIAL TRUST | CIVIL ACTION NO. 11-1992 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| EL PASO E&P CO. L.P., ET AL | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Counsel have presented the Court with their disagreement as to the meaning of the statutory scheme set out in La. R. S. 31:137 et seq. In particular, the parties disagree with regard to the remedies available to the plaintiff after the required notice has been given. The statutory scheme outlines penalties for the following scenarios:

1.) In which the defendant has paid the royalties due within the thirty day period, but the original failure to pay was either fraudulent or willful and without reasonable grounds;

2.) In which the defendant has failed to pay the royalties due and has failed to provide a reasonable explanation for the failure to pay within the thirty days; and

3.) In which the defendant failed to pay the royalties but has provided a reasonable explanation within the thirty days.

The parties have requested that the Court rule on this issue prior to trial in order for assist the parties in their presentation of evidence and to formulate their jury

instructions.  The Court has considered the briefs submitted by Counsel on the interpretation of these statutes. For the reasons given below and after a careful reading of the relevant statutes as a whole, the Court has determined that the remedies which are available are as follows.

I.      **Jury Instructions re: Plaintiff's Remedies**

The Court will first instruct the jury in accordance with La. R. S. 31: 137, i.e., that the lessee must give notice as a prerequisite to judicial demand for damages or dissolution of the lease. Next, the Court will instruct the jury in accordance with La. R. S. 31: 138, i.e., that the lessee has thirty days to respond to that notice with either payment of the amount due or a "reasonable cause for nonpayment". The parties all agree with these plain statements of the law. Disagreement arises when we proceed further into the series of statutes which outlines the remedies available to the plaintiff.

This Court notes that the last sentence of La. R. S. 31; 138 is significant in interpreting what follows. That sentence states:

> The payment or nonpayment of the royalties or stating or failing to state a reasonable cause for nonpayment within this period has the following effect on the remedies of dissolution and damages.

Thus, La. R. S. 31:138 informs the reader that the following articles specify the plaintiff's remedies when one or the other responses demanded by statute (payment or reasonable notice) has not been performed "within this period". Taken in context with the prior sentence that refers to thirty days after receipt of demand, the phrase "within

this period" can only mean within thirty days of demand.

La. R.S. 31: 139 spells out the plaintiff's remedies if payment is made within the thirty day period. The Court presumes that the statute means the correct amount of payment. (The statute uses the term "the royalties due".) Those remedies are as follows:

I. If the correct amount of payment is made within the thirty day period, the plaintiff is entitled to the following relief:

A. If the original failure to pay the royalties due is found by the jury[1] to be fraudulent, then the following remedies are available to the plaintiff:

1.) Dissolution of the lease may be available to the plaintiff in accordance with the statutes dealing with dissolution (La. R.S. 31:141 and 142).

2.) Double the amount of royalties due, interest on that amount from the date due, and reasonable attorneys fees.

B. If the original failure to pay was willful and without reasonable grounds, then the following remedies are available to the plaintiff:

Double the amount of royalties due, interest on that amount from the date due, and reasonable attorneys fees.

C. In all other cases, including where the original failure to pay was due to mere oversight or neglect, only the following remedies are available to the plaintiff:

---

[1] The parties have raised the issue with the Court as to whether the issue of dissolution will be decided by the judge or jury. This Court will render a considered decision on that issue in the near future. In the meantime, for ease of explanation, this Court is assuming that the jury will be deciding at least the underlying factual basis necessary for the remedy of dissolution.

1.) Interest on the royalties from the date due.

2.) Reasonable attorneys fees if the interest was not paid within the thirty days.

La. R.S. 31: 140 spells out the remedies available if the correct payment is not made with the thirty days OR if the lessor fails to provide a reasonable cause for failure to pay. These include double the amount of royalties due and attorneys fees as well as possible dissolution. But the use of the word "or" in this statute is troubling, to say the least. For example, what happens if payment is not made but a reasonable explanation is given? If we interpret the statute to say that if the lessee fails to pay within the thirty days OR if the lessee fails to give a reasonable notice within that time period, that is, if EITHER of these circumstances are met, then the plaintiff would be entitled to the penalty of double the amount of the royalties and attorneys fees. This reading is inconsistent with the statute's later language that this remedy is available "regardless of the cause for the original failure to pay royalties." Indeed, Louisiana state courts have interpreted this statue to mean that if a reasonable cause or explanation is given within the thirty days for the failure to make the correct payment, then the only remedy available to the plaintiff is interest on the amount of the royalties owed. As is discussed in more detail below, this is the holding in <u>Arceneaux v. Hawkins</u>, 376 So. 2d 362 (La. App. 3 Cir., 1979) and other state court decisions. The holding in this case necessitates the following reinterpretation of the R.S. La. 31: 140 in three scenarios: one in which the lessee does not make payment or any response to the lessor's demand (where the lessee simply ignores the lessor's demand); one in which payment is not made and the

lessee's explanation is deemed to be unreasonable; and one in which payment is not made but the explanation is deemed to be reasonable. The court will instruct the jury with law consistent with the following:

II. If within the thirty days the correct payment is not made and no explanation is made for the failure to pay, then the following remedies are available to the plaintiff:

A. Double the amount of the royalties due, interest on that sum, and reasonable attorneys fees. This remedy is available regardless of the reasonableness or unreasonableness of the original failure to pay the royalties.

B. Dissolution may be awarded in accordance with the standards set forth in La. R. S. 141 and 142.

III. If the correct payment is not made but an explanation is furnished by the defendant within the 30 day period, the jury shall determine whether that explanation is a reasonable cause for the failure to pay.

If the jury determines that the explanation is a reasonable cause, then the only remedy available to the plaintiff is payment of the royalties plus interest on the amount of royalties due.

If the jury finds that the explanation is NOT a reasonable cause for the failure to pay, then the plaintiff has available the following remedies:

A. Double the amount of the royalties due, interest on that sum, and reasonable attorneys fees.

B. Dissolution may be awarded in accordance with the standards set forth in La.

R. S. 141 and 142.

The Court notes that despite the difficulties that occur with the use of the word "or" in La. R. S. 31: 140, it is clear that the statute envisions situations in which the plaintiff would be entitled to double the amount of royalties due, interest, attorneys fees, and possible dissolution short of the more stringent requirements of a fraudulent or willful and unreasonable failure to pay enunciated in La. R. S. 31: 139. The difference is that La. R.S. 31:139 enunciates the penalties for the situations in which full payment is promptly made while La. R. S. 31: 140 enunciates the penalties for the situations in which payment in NOT made within the thirty days.

This Court notes that this interpretation of the statutory scheme highlights a hole in the law's policy: if the lessor fails to pay within the thirty days but gives a reasonable explanation, there is no deadline requirement for the lessee to make payment. What happens if the lessee gives a good explanation but does not ever make payment, forcing the lessor to file suit? The plaintiff's remedy in that situation would appear to be limited to payment of the past due amounts plus interest.

The Court also notes that the remedies are discretionary and invites the parties to submit jury instructions to this legal issue for the jury. Likewise, the law states that dissolution is not a favored remedy and jury instructions on this principle are needed as well.

Counsel shall file instructions based on the above and any additional instructions by **Friday , March 1, 2013**.

**II.     Reasons for Jury Instructions**

The following is a more detailed explanation for the Court's position enunciated above. The Mineral Code does not expressly specify what remedy follows when the lessee responds with an explanation for nonpayment within thirty days of lessor's notice. The Court will follow the holding of Arceneaux v. Hawkins that the remedies available in that case depend on the nature of the response. 376 So.2d 362, 366 (La. App. 1979). If the response is found reasonable, then damages are limited to past royalties due plus interest. Id. If the response is found unreasonable, then "damages of double the royalty, plus interest, reasonable attorney's fees and even dissolution of the lease if the facts so justify" may be awarded. Id. Every Louisiana appellate court that has been faced with the same question has followed the holding in Arceneaux. Mathews v. Sun Exploration and Production Co., 521 So.2d 1192, 1197 (La. App. 1988); Fuller v. Franks Petroleum, Inc., 501 So.2d 1024, 1031 (La. App. 1987). The court in Arceneaux states:

> It would be unreasonable to deny a lessor a remedy where no payment was made but a response was made by the lessee within 30 days and, at the same time, afford a lessor a remedy in a situation where payment was made within the 30 days or in a situation where neither payment nor response was made to the notice.
> To effectuate the intent of these provisions of the Mineral Code, we hold that where no payment was made within the 30 days, but a response was timely made, the lessor may file suit to have the court determine, as a matter of fact, whether the cause of delay, as expressed by the lessee in the response, is a Reasonable cause for such a delay. If the reasons so given by the lessee are determined by the court to be reasonable, the lessor would be limited to an award of interest on the royalties owed, computed

> from the date due.
> If the court determines that the reasons given for the delay of royalty payments are unreasonable, the court may award damages of double the royalty, plus interest, reasonable attorney's fees and even dissolution of the lease if the facts so justify.

The Court is persuaded that this reading of the statute is reasonable and that it effectuates the overarching purpose of the La. R.S. 31:137-141— to balance the interests of the lessors in prompt and accurate payment of royalties with the interest of lessees in maintaining the leases in which they have invested substantial amounts of capital:

> The real problem in this area is that lessors are entitled to some meaningful remedy besides recovery of interest which will assure that they will receive timely payment of production royalties. On the other hand, however, the harshness of cancelling a lease which may involve the investment of millions of dollars because of the nonpayment of an insignificant sum of money is obvious. It is the intent of Articles 137-141 to provide lessors with a meaningful remedy while simultaneously giving operators who have made substantial investments in producing properties the security of title which the nature and size of their investment deserves.

La. Rev. Stat. Ann. § 31:137 Comment.

In the event that an unreasonable excuse for nonpayment is made, the plain language of La. R.S. 31:140 provides that double royalties, interest, and potentially dissolution are available. In the event a reasonable excuse for nonpayment is made, limiting damages to royalties due plus interest is consistent with the operation of La. R.S. 31: 139. That statute provides that when circumstances meriting additional damages are not met, the appropriate amount of damages is past due royalties plus interest. Thus, the same baseline measure of damages is applied when the circumstances triggering

enhanced damages are not met under either article.

Defendants urge the Court to instruct the jury that in order to find double damages and reasonable attorneys fees under La. R.S. 31:140, the original failure to pay must be either fraudulent or willful and unreasonable, the standard in R.S. La. 31: 139. Defendants argue that this instruction is necessary because the provision for double royalties is penal, and thus more than mere negligence is required. The problem with defendants' reading of La. R.S. 31:140 is that it contradicts the language of the statute. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code Ann. § art. 9. Article 140 reads as follows:

> If the lessee fails to pay royalties due or fails to inform the lessor of a reasonable cause for failure to pay in response to the required notice, the court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee regardless of the cause for the original failure to pay royalties. The court may also dissolve the lease in its discretion.

La. Rev. Stat. Ann. § 31:140.

The article clearly specifies that if there is no payment or reasonable notice with thirty days, double damages and a reasonable attorneys fee may be awarded "regardless of the cause for the original failure to pay royalties." Id. This language differs sharply from the language in La. R.S. 31: 139, which expressly conditions the awarding of such damages on the original failure to pay being either fraudulent or willful and without

reasonable grounds. La. Rev. Stat. Ann. § 31:139. From a policy standpoint, it makes sense that the explanations to a plaintiff who has NOT been paid within the statutory time period would be less than the more stringent requirements of La. R. S. 139, which describes the penalties to the lessor in the situation where the lessor has paid the plaintiff timely.

It is true that the imposition of enhanced damages under La. R.S. 31: 140 is discretionary. See e.g. Wegman v. Central Transmission, Inc. 499 So.2d 436, 451 (La. App. 1987). While some Louisiana courts have, in their discretion, declined to award double royalties as damages when La. R.S. 140 would have permitted such an award, on the grounds that the conduct of the lessee was merely negligent, others have not. Compare Fuller v. Franks Petroleum, Inc., 501 So.2d 1024, 1031 (La. App. 1987) (double royalties not awarded when lessee failed to respond reasonably or pay royalties within thirty days but their "original failure to pay was an act of neglect or oversight and was not willful.") with Hillard v. Amoco Production Co., 688 So.2d 1176, 1180 (La. App. 1996) (finding double royalties appropriate when lessee had all the information necessary to pay but failed because of the complexity of the plat involved). This equivocal jurisprudence is no reason to disregard the language of the statute. If the legislature intended to include the "fraudulent or willful and unreasonable" language in La. R.S. 31:140, they certainly could have. Instead they provided that enhanced damages would be available under La. R.S. 31:140 "regardless of the cause for the original failure to pay royalties." In light of this clear statutory language, the Court

declines to instruct the jury that the requirements of La. R.S. 31:139 must be met in order to impose the damages provided in La. R. S. 140.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE